**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

| | |
|---|---|
| **CHERYL BEENE**, and **CHITADO BEENE**,  Plaintiffs, v. **PRIDGEON & CLAY INC.**,  Defendant. | CASE NO. 1:18-CV-00007  HON. |

C. Christopher Newberg (P79025)
RODENHOUSE KUIPERS, P.C.
Attorneys for Plaintiffs
678 Front Avenue NW, Suite 176
Grand Rapids, MI 49504
(616) 451.4000
chris@rodenhouselaw.com

## PLAINTIFFS' COMPLAINT

NOW COME Plaintiffs, Cheryl Beene and Chitado Beene, by and through their undersigned counsel, and for their Complaint against Defendant, Pridgeon & Clay Inc., state as follows:

1. This is a civil action brought by Plaintiffs, Cheryl Beene and Chitado Beene, to recover for Defendant's willful and knowing violations of the Employee Retirement Income Securities Act ("ERISA"), 29 U.S.C. § 1140, *et seq.*, and the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et seq.*

### JURISDICTION, PARTIES, AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in full.

1

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, specifically ERISA and COBRA. This Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as the ERISA and COBRA claims.

4. Plaintiffs, Cheryl and Chitado Beene, are a married couple who live in the City of Grand Rapids, County of Kent, State of Michigan.

5. Defendant, Pridgeon & Clay Inc., is a Michigan corporation with its registered office located in the City of Grand Rapids, County of Kent, State of Michigan.

6. Venue is properly laid in this judicial district pursuant to 29 U.S.C. § 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**GENERAL ALLEGATIONS**

7. Plaintiffs incorporate by reference the preceding paragraphs as though set forth fully herein.

8. Mrs. Beene was employed by Defendant from May 18, 2012 to July 26, 2017.

9. While employed by Defendant, Mrs. Beene was eligible for group health insurance benefits through Defendant.

10. As it relates to this lawsuit, Defendant offered its employees, such as Mrs. Beene, the choice of enrollment in three different PPO medical plans through Blue Cross Blue Shield ("BCBS").

11. For the year 2017, Mrs. Beene elected to enroll in the BCBS PPO Platinum Plan for both her and her family (the "Plan"). The Plan was to provide health insurance benefits for Mrs. Beene, Mr. Beene, and their children.

12. The Plan became effective on January 1, 2017, and was to remain in effect until the end of the year, until cancelled, or until otherwise terminated.

13. Mr. Beene, who suffers from inflammatory myopathy, requires specialized infusions to treat his condition.

14. Plaintiffs sought to schedule an infusion treatment for Mr. Beene sometime in the summer of 2017 with Infusion Associates PC in Grand Rapids, Michigan.

15. After working with Mr. Beene's doctors and receiving assurances from BCBS that the proposed infusion treatment would be covered by their health insurance, Mr. Beene scheduled an infusion treatment for July 25, 2017.

16. From July 6 until July 25, Mrs. Beene took time off from work to care for Mr. Beene. During this time, Mrs. Beene was approved for medical leave under the Family Medical Leave Act, which she used in conjunction with approximately two-weeks' worth of previously accrued paid vacation time.

17. On July 25, 2017, Mr. Beene underwent the infusion treatment with Infusion Associates PC as planned.

18. On July 26, 2017, Mrs. Beene voluntarily terminated her employment with Defendant.

19. On or about August 9, 2017, Plaintiffs received an invoice from Infusion Associates PC indicating that their health insurance coverage had been terminated prior to the infusion treatment on July 25, 2017, and that they owed $18,590.00 for the procedure.

20. Prior to receiving the invoice from Infusion Associates PC, Plaintiffs were unaware that their health insurance coverage had been terminated.

21. Defendant did not provide Plaintiffs with any notice that their health insurance had been terminated or otherwise modified.

22. On August 15, 2017, Mrs. Beene met with her former supervisors at Pridgeon & Clay, Catherine Sobel and Sylvia James, to discuss the sudden termination of Plaintiffs' health insurance coverage.

23. Sylvia James admitted to Mrs. Beene that she mistakenly recorded Mrs. Beene's date of termination as July 19, 2017 instead of July 26, 2017. However, Mrs. James told Mrs. Beene that there was nothing she could do to correct the error.

24. Following the August 15, 2017 meeting, Defendant sent Mrs. Beene a letter dated August 24, 2017 (the "Letter") addressing the matters discussed at the August 15, 2017 meeting.

25. In the Letter, Defendant stated that the August 15, 2017 meeting provided cause to investigate Mr. Beene's eligibility for health insurance benefits.

26. The Letter alleged that Mrs. Beene made fraudulent statements on her application for health insurance benefits during the enrollment period in 2016 and that her health insurance benefits were terminated on those grounds.

27. Further, Defendant claimed in the letter that Mrs. Beene's last day at work was July 6, 2017 because that was the last day she was physically at work.

28. Upon information, knowledge, and belief, Defendant retroactively terminated Plaintiffs' health insurance coverage effective July 21, 2017.

29. Plaintiffs subsequently obtained a new health insurance plan in August of 2017.

30. However, Plaintiffs remain indebted to Infusion Associates PC in the amount of $18,590.00 as a result of the untimely and improper termination of their health insurance plan through Defendant.

## COUNT I
## INTERFERENCE WITH ERISA RIGHTS

31. The foregoing paragraphs are incorporated herein as if set forth in full.

32. Section 1140 of the ERISA states, in relevant part:

> Sec. 1140. Interference with protected rights. It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against any participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan. 29 U.S.C. § 1140.

33. At all relevant times, Defendant had a group health insurance plan, as defined by 29 U.S.C. § 1167(1) and 29 U.S.C. § 1003(a)(1) for the benefit of its employees and their families, including, but not limited to, Plaintiffs.

34. Defendant is an employer as defined by 29 U.S.C. § 1167(4) and 29 U.S.C. § 1002(5).

35. Plaintiff is a covered employee as defined by 29 U.S.C. § 1167(2) and 29 U.S.C. § 1002(6).

36. Upon information and belief, Defendant determines the enrollment period, eligibility, and the termination of coverage under its Plan and is the administer and/or sponsor of the group health insurance plan.

37. Prior to the cancellation of their health insurance, Plaintiffs were participants in and beneficiaries of the group health insurance plan provided by Defendant.

38. At all relevant times, Plaintiffs believed that they were covered by health insurance through Defendant's plan and sought medical treatment in reliance upon that belief.

39. Defendant prematurely cancelled Plaintiffs' health insurance and failed to provide Plaintiffs with any notice.

40. As a result, Plaintiffs sought and received medical treatment that they believed was covered by their health insurance when, in fact, it was not.

41. By cancelling Plaintiffs' health insurance, Defendant interfered with Plaintiffs' protected rights in violation of ERISA.

42. By refusing to take efforts to correct the date of termination of Plaintiffs' health insurance with BCBS and reinstate Plaintiffs' health insurance benefits, Defendant interfered with Plaintiffs' protected rights in violation of ERISA.

43. Defendant's actions were intentional, willful, and wanton, and done with reckless disregard for Plaintiffs' federally protected rights and for Plaintiffs' physical well-being.

44. As a result of Defendant's actions, Plaintiffs' incurred substantial out-of-pocket medical expenses that would have otherwise been covered by their health insurance through Defendant.

45. Additionally, Mr. Beene has been unable to proceed with future infusion treatments as the result of outstanding payments owed to medical providers that should have been covered by the health insurance provided under Defendant's plan.

46. As a result of Defendant's actions, Plaintiffs have been harmed financially, emotionally, and physically.

THEREFORE, Plaintiffs respectfully pray that this Court enter an Order granting the following relief:

    a. Accrued liability due to Plaintiffs under the terms of the health insurance plan;

    b. Statutory damages;

    c. Compensatory damages;

    d. Pre-judgment interest;

    e. Post-judgment interest;

    f. Litigation costs;

    g. Reasonable attorneys' fees; and

    h. Such other relief that this Court deems just in law and equity.

## COUNT II
## VIOLATION OF COBRA

47. The foregoing paragraphs are incorporated herein as if set forth in full.

48. Section 1161 of COBRA states:

> The plan sponsor of each group health plan shall provide, in accordance with this part, that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan.  29 U.S.C. § 1161.

49. Section 1166(c) of COBRA states:

> Rules relating to notification of qualified beneficiary by plan administrator.  For purposes of subsection (a)(4), any notification shall be made within 14 days (or, in the case of a group health plan which is a multiemployer plan, such longer period of time as may be provided in the terms of the plan) of the date on which the administrator is notified under paragraph (2) or (3), whichever is applicable.  29 U.S.C. § 1166.

50. Defendant employs at least twenty employees.

51. Defendant failed to provide Plaintiffs with proper notice of the termination of their health insurance.

52. Defendant failed to provide notice to Plaintiffs as required by COBRA.

53. As a result of Defendant's actions, Plaintiffs have been harmed financially, emotionally, and physically.

THEREFORE, Plaintiffs respectfully pray that this Court enter an Order granting the following relief:

    a. Accrued liability due to Plaintiffs under the terms of the health insurance plan;

    b. Statutory damages;

    c. Compensatory damages;

    d. Pre-judgment interest;

    e. Post-judgment interest;

    f. Litigation costs;

    g. Reasonable attorneys' fees; and

    h. Such other relief that this Court deems just in law and equity.

## COUNT III
## BREACH OF FIDUCIARY DUTY

54. The foregoing paragraphs are incorporated herein as if set forth in full.

55. At all relevant times, Defendant had a group health insurance plan, as defined by 29 U.S.C. § 1167(1) and 29 U.S.C. § 1003(a)(1) for the benefit of its employees and their families, including, but not limited to, Plaintiffs.

56. Under ERISA, Defendant owed Plaintiffs a fiduciary duty to act on Plaintiffs' behalf with good faith and for the benefit of Plaintiffs in administering their health insurance.

57. By terminating Plaintiffs' health insurance without justification and without providing any notice whatsoever, Defendant failed to act as a reasonably careful plan administrator would or should have acted under the same or similar circumstances.

58. As a result of Defendant's actions, Plaintiffs have been harmed financially, emotionally, and physically.

THEREFORE, Plaintiffs respectfully pray that this Court enter an Order granting the following relief:

    a. Accrued liability due to Plaintiffs under the terms of the health insurance plan;

    b. Statutory damages;

    c. Compensatory damages;

    d. Pre-judgment interest;

    e. Post-judgment interest;

    f. Litigation costs;

    g. Reasonable attorneys' fees; and

    h. Such other relief that this Court deems just in law and equity.

Respectfully submitted,

RODENHOUSE KUIPERS, P.C.

Date: January 3, 2017

/s/ C. Christopher Newberg
**C. Christopher Newberg (P79025)**
Attorneys for Plaintiffs
678 Front Ave. NW, Suite 176
Grand Rapids, MI 49504
PH: (616) 451-4000
Fax:(616) 451-4114
Email: chris@rodenhouselaw.com

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in the above-captioned matter.

                                                                      Respectfully submitted,

                                                                       RODENHOUSE KUIPERS, P.C.

Date: January 3, 2017                            /s/ C. Christopher Newberg
                                                        **C. Christopher Newberg (P79025)**
                                                        Attorneys for Plaintiffs
                                                        678 Front Ave. NW, Suite 176
                                                        Grand Rapids, MI 49504
                                                        PH: (616) 451-4000
                                                        Fax:(616) 451-4114
                                                        Email: chris@rodenhouselaw.com